STATE *versus* COOMBS.

A conviction for presuming to be a common seller of intoxicating liquors, within a specified period, is not a bar to a prosecution for a single act of selling such liquor within the same period.

EXCEPTIONS from the District Court, RICE, J.

Complaint, dated October 1, 1850, for selling intoxicating liquor, on the 30th of September, 1850. The defendant was found guilty, and sentenced to pay a fine of $20. From that judgment he appealed to the District Court. Afterwards at the term of the said court, held on the fourth Tuesday of the same October, the defendant was indicted for being a *common seller* of such liquors on said 30th of September, and on divers other days between that time and the finding of said indictment. To the indictment he pleaded *nolo contendere.* After that proceeding, the prosecution on said complaint came up for trial, and the defendant, by leave of court, pleaded the conviction upon the indictment. The county attorney, admitting that the indictment for common selling embraced the time of the selling charged in the complaint, tendered an issue upon the defendant's allegation that the said act of sale was one of the acts charged in the indictment, as constituting the offence of common selling. The issue was joined. There was evidence tending to prove the sale, as charged in the complaint.

The defendant requested the Judge to instruct the jury, that the conviction upon the indictment was a bar to the further prosecution of the complaint. But that request was not complied with. The instruction was that a particular act of selling and the presuming to be a common seller were separate and distinct offences ; and that, if the act of selling, charged in the complaint, was proved, the burden was on the defendant to show that that act was one of the acts, which constituted the common selling charged in the indictment. The defendant excepted, after a verdict against him.

*Gould,* for the defendant.

State *v.* Barnes.

Common selling is made up of individual acts of sale. The major offence includes the minor. Whart. Cr. Law, 114; 1 Chit. Cr. Law, 453, 4 and 5.

Where one offence is a necessary ingredient of another, a conviction for the latter bars all prosecution for the former. 2 Virgin. Cases, 159; 6 Dana, 295; 14 Pick. 90; 2 Metc. 413.

*Tallman*, Attorney General, for the State.

The replication asserts that the act charged in the complaint was not one of those which made up the offence of common selling; and the jury have so found. That ends the case.

WELLS, J., orally. — A single act of selling is an offence. Presuming to be a common seller is a different and higher offence. Both of these offences have their different and appropriate punishments. In the trial for common selling, the single acts of sale are not prosecuted. They are shown merely as evidence of the larger crime. Such proceedings do not expose to a second punishment for the same offence.

*Exceptions overruled.*

NOTE. — This complaint was founded on the fifth section of chap. 205, of the year 1846. That section was repealed by the Act, chap. 211, of the year 1851.