## COMMONWEALTH *vs.* DANIEL McCAULEY.

By going to trial on his plea in bar to an indictment and introducing evidence in support of it, without issue first joined thereon, the defendant waives any right of objection on account of the non-joinder.

An acquittal on an indictment for maintaining a nuisance by keeping a tenement for the illegal sale and keeping of intoxicating liquors is no bar to an indictment for keeping intoxicating liquors with intent to sell, although the same evidence is relied on to prove both offences.

INDICTMENT for keeping intoxicating liquors with intent to sell. At the trial in the superior court, before *Rockwell*, J., the defendant was convicted and alleged exceptions, of which the material part was as follows:

"Previously to pleading to this indictment the defendant was tried for keeping and maintaining a nuisance by reason of the keeping of a tenement for the illegal sale and keeping of intoxicating liquor. The place of illegal keeping was the same in this case and the one tried as aforesaid, and the instances of such

keeping relied on were the same, and the evidence was substan‧ tially the same in both cases. The defendant filed at the proper time a plea in bar (which alleged that 'he has been tried for and acquitted of the same offence, and covering the same period of time, charged in this indictment') and relied on the former ac- quittal as a bar to this indictment; but the judge overruled the plea as insufficient in law, and ordered him to plead over. He pleaded not guilty, and relied upon the former acquittal and proof of the above facts, in defence; but the judge ruled that the same afforded no ground of defence."

*G. M. Stearns,* (*M. P. Knowlton* with him,) for the defendant.

*C. Allen,* Attorney General, for the Commonwealth.

MORTON, J. 1. By the fair construction of the bill of excep- tions it appears that the defendant, after filing his special plea in bar, introduced in evidence, in support of it, the record of a former acquittal in the superior court, upon an indictment for keeping and maintaining a tenement used for the illegal sale and illegal keeping of intoxicating liquors. If no issue, either in law or to the country, was taken on this plea, which does not distinctly appear, we think that by going to trial upon his plea, without objecting that issue had not been joined on it, the defendant waived the informality. This clearly distinguishes the case from the case of *Commonwealth* v. *Merrill,* 8 Allen, 545, cited by the defendant.

2. The only question, therefore, open under the bill of excep- tions, is whether the ruling that the former acquittal was not a bar to this indictment was correct, and of this we have no doubt. The offence of maintaining a common nuisance, by keeping a tene- ment used for the illegal sale or keeping of intoxicating liquors, is a distinct offence from that of keeping intoxicating liquors with intent to sell the same. Proof of the facts necessary to sus- tain this indictment would not be sufficient to sustain the former indictment, and an acquittal upon the former is not a bar to this. *Commonwealth* v. *Bubser,* 14 Gray, 83. *Commonwealth* v. *Don- nell,* 8 Allen, 548. *Commonwealth* v. *Hogan,* 97 Mass. 122.

*Exceptions overruled.*