## COMMONWEALTH *vs.* WILLIAM SHEEHAN.

A conviction on a complaint for keeping intoxicating liquors with intent to sell is no bar to a complaint for maintaining a liquor nuisance, although the evidence relied on to prove both offences is the same.

COMPLAINT for maintaining a tenement in Milford as a liquor nuisance.

At the trial in the superior court, the defendant set up, in bar of the proceedings, the record of his conviction, at the same term of that court, on a complaint for keeping intoxicating liquors in the tenement with intent to sell them in violation of the St. of 1869, *c.* 415; and offered testimony to show that the evidence relied on by the Commonwealth to prove the two offences was the same. But *Dewey,* J., excluded the record and the testimony; the jury returned a verdict of guilty; and the defendant alleged exceptions.

*H. B. Staples,* (*F. P. Goulding* with him,) for the defendant.
*C. Allen,* Attorney General, for the Commonwealth.

BY THE COURT. The offence of maintaining a tenement used for the illegal keeping or sale of intoxicating liquors is a distinct

offence from that of keeping intoxicating liquors with intent to sell in violation of law, and a conviction of the latter is not a bar to an indictment or complaint for the former. *Commonwealth* v. *McCauley, ante,* 69. *Exceptions overruled.*