## COMMONWEALTH *vs.* PATRICK McKENNA.

Bristol.   October 22. — 28, 1878.   ENDICOTT & LORD, JJ., absent.

If a person, on arraignment, refuses to plead, and stands mute, he is, by the Gen. Sts. *c.* 171, § 29, to be tried as if he had pleaded not guilty; and, having been so tried, and been convicted, and having appealed, the want of a formal entry of such a plea upon the record transmitted to the appellate court is no error; and a statement by the clerk to the jury, when the defendant is put upon his trial in that court, that he had pleaded not guilty in the court below, is at the most an informality which is waived by going to trial without objection.

COMPLAINT to the First District Court of Bristol for an unlawful sale of intoxicating liquor.   The record of the District Court, after setting forth the complaint, and the bringing in of the defendant to answer to the same, proceeded as follows : "Which complaint being read to the defendant, and he being asked by the court whether he is guilty or not guilty of the offence therein charged, stands mute.   And now, after a full hearing and examination in said case, it appears to said court that said Patrick McKenna is guilty.   It is therefore considered and ordered by the court" that he pay a fine of fifty dollars and costs; from which sentence he appealed to the Superior Court, and entered into a recognizance to prosecute his appeal.

When the defendant was put upon his trial in the Superior Court, the clerk read the complaint to the jury, and made the usual announcement to them, as follows : "To which complaint the defendant in the court below pleaded and said that thereof he was not guilty, and now for trial puts himself upon the country, which country you are.   If he is guilty, you will say so.   If he is not guilty, you will say so, and no more."   To this statement of the clerk no objection was then made by the defendant or his counsel; and, upon the trial, the jury returned a verdict of guilty.

The defendant moved to set aside the verdict, and also moved in arrest of judgment, because no plea was entered, and no issue joined or ordered, in either court, and because the defendant was not arraigned or called upon to plead in the Superior Court. *Bacon,* J., overruled both motion ; and the defendant alleged exceptions.

*J. Brown*, for the defendant, cited Gen. Sts. *c.* 171, § 29 Whart. Crim. Law, § 530; *State* v. *Saunders*, 53 Misso. 234; *Wilbur* v. *Ripley*, 124 Mass. 468.

*C. R. Train*, Attorney General, for the Commonwealth.

GRAY, C. J. The record shows that in the District Court the defendant, being duly arraigned, stood mute, and upon a full hearing was found guilty. The statute provides that, if, on arraignment, a person refuses to plead, " the court shall order a plea of not guilty to be entered, and thereupon the proceedings shall be the same as if he had pleaded not guilty." Gen. Sts. *c.* 171, § 29. The defendant, having had full opportunity to plead in the District Court, and having refused to do so, was by this statute to be tried as if he had pleaded not guilty; and having been so tried, the want of a formal entry of such a plea upon the record did not prejudice him and was no error. *Ellenwood* v. *Commonwealth*, 10 Met. 222. *Harris's case*, Cro. Jac. 502. The announcement by the clerk to the jury in the Superior Court was according to the legal effect of the proceedings below, and his statement that the defendant had pleaded not guilty was, at the most, an informality that was waived by going to trial. *Commonwealth* v. *McCauley*, 105 Mass. 69.

*Exceptions overruled.*