## *In re* SMITH, Petitioner, etc.

*(Circuit Court, D. Massachusetts.* July 26, 1882.)

CRIMINAL LAW—TRIAL—STANDING MUTE—PRACTICE.

The law, section 1032 of the Revised Statutes, which provides that when one who is "indicted" for any offense against the United States stands mute, or refuses to plead or answer thereto, it shall be the duty of the court to enter a plea of not guilty in his behalf, and proceed to try him by a jury, should be liberally construed to bring within its scope persons arraigned upon information or complaints, as well as persons indicted.

Petition for Writ of *Habeas Corpus.*

*E. W. Burdette,* for petitioner.

LOWELL, C. J. The merits of this case have been argued on the petition, the allegations of which are admitted to be true. The petitioner was indicted for beating and wounding certain of the crew of the vessel of which he was an officer. Rev. St. § 5347. The district attorney, discovering some misstatements of fact in the indictments, which might be considered variances, discontinued them, and as the grand jury had been discharged, filed complaints under Rev. St. § 4300. The petitioner being called upon to plead, stood mute, by advice of the counsel, and the district judge entered a plea of not guilty, and ordered the issue to be tried by a jury. Against this order the petitioner protested. The jury returned a verdict of guilty, and the petitioner, before sentence, submitted to imprisonment rather than give bail, and brought this petition for *habeas corpus.*

The argument for the petitioner is that by section 4301 of the Revised Statutes a trial by jury is to be had only when the defendant demands it; and in other cases by the court. This is true of the mode of trial after an issue of fact is made up; but if the defendant refuses to make an issue, the section, like the defendant in this case, is silent.

The petition, therefore, does not raise the question whether the court may lawfully try the issue of fact. The law which dispenses with an indictment for petty offenses on the high seas has been found

very useful both to the goverment and the accused. The district judges who have sat here since this law was first passed in June, 1864, have had very grave doubts of the constitutionality of that part òf section 4301 which provides for a trial by the court; and it has been usual to try all contested cases by jury. It has been considered that the law'is valid, excepting as to the mode of trial, and up to this time no question has been made about it. For the reason already given the question is not before me, and I shall content myself with saying that I share the doubt whether the legislature can require the court to try the main issue of facts in a criminal case; and that I fully agree that the remainder of the statute is valid and can be availed of, whether that particular feature of it is constitutional or not.

The only question in this case is, what should be the practice when the defendant declines to plead or answer? There is a law which provides that when one who is "indicted" for any offense against the United States stands mute or refuses to plead or answer thereto, it shall be the duty of the court to enter a plea of not guilty in his behalf and proceed to try him by a jury. Rev. St. § 1032. It would seem that this law might be liberally construed to bring within its scope persons arraigned upon information or complaint as well as persons indicted. Such has been the practice in Massachusetts under a similar statute. Ellenwood v. Com. 10 Metc. 222; Com. v. McKenna, 125 Mass. 397.

But there is one course of reasoning which shows conclusively that the petitioner has no just ground of objection to the mode of proceeding in the district court. Formerly the law of England and of the several colonies was that in capital felonies a defendant standing mute was to undergo the peine forte et dure; that is, to be pressed to death in prison. Giles Corey suffered in this way, in Massachusetts, in the time of the witchcraft madness. The punishment was inflicted in England, as I am informed by a learned friend, so late as the early part of the last century.

In 1772 an act was passed in England, which was to extend to the colonies and plantations in America, by which, if any person arraigned upon an indictment for felony or piracy should stand mute, he should be convicted of the felony or piracy, and the court should award judgment and execution as if such person had been convicted by verdict or confession. 12 Geo. III. c. 20. This had always been the law in respect to treason, petty larceny, and misdemeanor. See 4 Bl. Comm. 435; 2 Hawk. c. 30, § 14; 1 Chit. Cr. Law, 424; 1

East, P. C. 135. It is to be understood, of course, that the conviction or punishment in any of these cases took place only when the refusal to plead was willful. If it was through defect of understanding, the defendant was remanded; and this preliminary point was tried by the jury. See *Rex* v. *Pritchard*, 7 Car. & P. 303; *Reg.* v. *Berry*, L. R. 1 Q. B. Div. 447; *Com.* v. *Braley*, 1 Mass. 103; *Same* v. *Hill*, 14 Mass. 207; *Dyott* v. *Com.* 5 Whart. 67; *U. S.* v. *Hare*, 2 Wheeler, C. C. 283. Congress in the first crimes act, passed in 1790, adopted the humane rule that in all capital cases defined by that act standing mute should be equivalent to a plea of not guilty. This was followed by Pennsylvania in 1791; by Massachusetts in 1795; by Maryland in 1807. It is now the law, so far as I know, in all the United States and in England not only in felony, but in every grade of crime. But it has been applied in cases not capital since our constitution was adopted. The law of Massachusetts in 1789 and until 1836 was that a defendant charged only with a misdemeanor, who willfully and intelligently stood mute, was to be dealt with as if he had pleaded guilty. *Com.* v. *Moore*, 9 Mass. 402. This, therefore, was the law of this district. *U. S.* v. *Reid*, 12 How. 361. The alternative, then, is simple. Either the defendant was properly dealt with under Rev. St. § 1031, as one indicted; or, being already convicted by his own confession, he has no ground to complain that a second chance of escape was given him by the judge in ordering a trial by jury. *Ellenwood* v. *Com.* 10 Metc. 222. Indeed, the trial in this view was rather an inquiry than a trial, and, being a matter of grace, might have been by either court or jury without vitiating the proceedings. It is admitted that the refusal to plead was willful and intelligent, by advice of counsel, and therefore there was no occasion to try the preliminary question of sanity.

It follows that the entry must be, Petition denied.