COMMONWEALTH *vs.* FRANCIS L. WHITE.

Suffolk. January 4, 1889. — January 5, 1889.

Present: Morton, C. J., Field, Devens, W. Allen, C. Allen, Holmes, & Knowlton, JJ.

*Motion for New Trial — Improper Remarks in Hearing of Jurors.*

If just before the trial of an indictment, and before the jurors are impanelled, improper remarks are made in their hearing outside of the jury-room, it is within the discretion of the presiding judge to grant or deny a motion for a new trial.

INDICTMENT. Before the former decision, reported 147 Mass. 76, was made, at a rehearing in the Superior Court, before *Sherman,* J., on the motion for a new trial filed in that case, evidence was introduced tending to prove the following additional facts.

Henry J. Cullum, one of the jurors who tried the case against the defendant, went just before the trial into a saloon on Court Street in Boston "to have a drink," in company with one Pastrouich, who had also been summoned as a juror, but did not serve in that case. While they were standing at the bar, they asked a person unknown to them, who happened to be in the saloon, to join them, and he asked them if they were on the jury, and when the case against the defendant was coming on. This person, upon being told that they were on the jury,

but knew nothing about the case, remarked to them that "White was a 'skin,' and that he would get out of it in some way"; that he managed it at a former trial, "and worked the jury there, and that he would pull out of it some way or other." Subsequently, during the same day, while Cullum was sitting at lunch in the same saloon, the same person came and sat down at the table with him, and said to him that "White is a rascal and a 'skin,'" that he "had plenty of money, and had bought up the jury at his former trial, and would probably do the same with this one," that he had burned a tannery in Woburn and hid a quantity of leather, and that "White would have a pretty hard chance with this jury, for the government was going to put detectives on to all of them, but he would try it, and would work it in some way." Cullum replied to these remarks, that White must be a rascal, and that he should vote to convict such a man, because he did not believe an honest man would try to tamper with a jury. After the trial, the person who had made the above remarks to Cullum and Pastrouich was seen by them in company with one Leonard, who "had been active in prosecuting" the defendant. The defendant contended that the evidence showed a settled purpose, on the part of some person or persons in the interest of the prosecution, to prejudice the jurors against the defendant, and that, as matter of law and of right, he was entitled to a new trial. The judge declined to grant a new trial; and the defendant alleged exceptions.

The case was submitted on briefs to all the judges.

*B. Wadleigh & E. Avery*, for the defendant.

*A. J. Waterman*, Attorney General, *& H. A. Wyman*, Second Assistant Attorney General, for the Commonwealth.

BY THE COURT. The principles upon which this case depend were fully considered and discussed when it was before us at a former hearing. *Commonwealth* v. *White*, 147 Mass. 76. For the reasons stated in the opinion then delivered, we are of opinion that the granting or refusing the defendant's motion for a new trial was a matter within the discretion of the judge of the Superior Court who presided at the trial. The additional evidence produced at the rehearing of the motion was of the same character as that put in at the first hearing, and is subject to the same considerations. It was for the presiding justice

to determine how far it could be relied on, and whether the facts proved to his satisfaction are of a character to show that the defendant was deprived of a fair and impartial trial.

*Exceptions overruled.*