ARTHUR E. PERRY, executor, *vs.* LUCY A. SHEDD.

Bristol. March 7, 1893. — May 20, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Probate Appeal — Jury Issues — New Trial.*

On an appeal from a decree of the Probate Court allowing a will, the usual issues of testamentary capacity, fraud, and undue influence were submitted to a jury, who found in favor of the executor, and a decree was entered by a single justice of this court affirming the decree of the Probate Court, from which an appeal was taken to the full court. *Held*, that the verdict of the jury not having been set aside, and the evidence, if any, that was heard by the single justice upon matters not covered by the issues not having been reported, no question of law or fact is presented for revision.

After the verdict of the jury in support of a will the appellant filed a motion for a new trial, and submitted affidavits in support thereof. The motion was overruled by a single justice, and the appellant appealed to the full court. *Held*, that this motion, being on the common law side of the court to which the issues had been sent, was addressed to the discretion of the justice, and that from his order overruling it no exception or appeal lies.

Even though an appeal from an order of a single justice, overruling a motion for a new trial made on an appeal from a decree of the Probate Court allowing a will, be regarded as an appeal in equity or probate, yet if it does not appear that the single justice ruled on any question of law, or what facts were found by him with reference to the averments contained in the motion, no question is presented for revision.

FIELD, C. J. On appeal from a decree of the Probate Court allowing the will of Ann S. M. Buckley, the usual issues of tes-

tamentary capacity, fraud, and undue influence were submitted to a jury, and were found by them in favor of the executor, and a decree was entered by a single justice of this court affirming the decree of the Probate Court. From that decree an appeal was taken to the full court. The verdict of the jury has not been set aside, and, if the single justice heard evidence upon matters not covered by the issues, the evidence has not been reported, and upon this part of the case there is no question of fact or law before us. After the verdict of the jury the appellant filed a motion for a new trial, and submitted certain affidavits. The grounds of this motion which are now insisted on are, in substance, that the verdict was against the weight of evidence; that improper statements were made in argument before the jury by the counsel for the petitioner; that after the jury had been charged, and were about to leave the court-room, an improper statement concerning a decree theretofore entered in the cause was made by the counsel of the petitioner in presence of the jury ; and that new and material evidence had been discovered since the trial, to the effect that the will was not written in the house where the testatrix was at the time, but was written elsewhere. The report of the justice who heard the cause states that, " after a full hearing upon said motion, and a consideration of the affidavits and arguments in support thereof, in the exercise of my discretion, I overruled said motion," etc., and from this order the appellant appealed. This motion was addressed to the discretion of the court, and no exception or appeal lies from the exercise of such discretion. It was a motion on the common law side of the court to which the issues had been sent to be tried, and follows the analogy of motions in a suit at common law. But if the appeal from the order overruling the motion were regarded as an appeal in equity or probate, as it does not appear that the justice ruled on any question of law, or what he found the facts to be with reference to the averments contained in the motion, there is nothing for the full court to revise. *Groustra* v. *Bourges*, 141 Mass. 7. *Behan* v. *Williams*, 123 Mass. 366. *Commonwealth* v. *White*, 147 Mass. 76, and 148 Mass. 429.

*Decree affirmed.*

*G. W. Parke*, for the appellant.
*W. Clifford & O. Prescott*, for the appellee.