FREDERICK H. CAPPER, executor, vs. PORTER F. CAPPER.

Suffolk.   December 12, 1898. — December 13, 1898.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Will — Issues to Jury — Undue Influence — Motion for New Trial — Discretion of Presiding Justice.*

Where, on an issue whether an alleged will was procured through the undue influence of the testator's son, no exception is taken to any ruling and no request for instructions is made, and the jury returns a verdict in favor of the will, a motion for a new trial, on the ground that the finding of the jury is against the law and the evidence and the weight of the evidence, is addressed to the discretion of the justice who heard the case, and cannot be revised by this court.

APPEAL, by Porter F. Capper, an heir at law and one of the next of kin of Thomas H. Capper, from a decree of the Probate Court admitting to probate an instrument purporting to be his last will, which, omitting the formal parts, is as follows :

" I give and devise to my son, Frederick Henry Capper, all my real and personal estate to hold to him and his heirs, but with the exception therefrom of one hundred dollars, which sum of one hundred dollars I give and bequeath to my son, Porter Fader Capper.   I appoint my said son, Frederick Henry Capper, executor of this my will, and request that no sureties be required on his official bond as executor."

The case was heard by *Lathrop, J.,* who entered a decree reversing the decree of the Probate Court, and reported the case for the determination of the full court.   The facts appear in the opinion.

*H. N. Shepard,* for the appellee.

*S. C. Brackett,* for the appellant, was not called upon.

FIELD, C. J.   On issues to a jury tried before a justice of this court the jury found that the execution of the alleged will was procured " through the undue influence of " Frederick H. Capper, a son of the testator.   The jury also found that the alleged will was executed in due form, and that the testator was of sound mind at the time of the execution.   No exception was taken to any ruling of the presiding justice at the trial.   The

executor filed a motion for a new trial upon the issue of undue influence, which was the third issue, on the ground that the finding of the jury was "against the law and the evidence and the weight of the evidence," and he also asked that this issue to the jury be discharged. This motion was overruled, and the executor appealed to the full court. The presiding justice has reported all the evidence introduced at the trial on the issue of undue influence. The report recites: "The sole question which the executor seeks to raise being whether the evidence was sufficient to warrant a finding that the execution of the alleged will was procured by the undue influence of Frederick H. Capper." The report also recites: "The contestant contends that, as the executor took no exception at the trial, and asked for no ruling, and as the motion filed after the trial was overruled, the question sought to be raised by the executor is not now open to him." This question also is reported to the full court.

A motion for a new trial, on the ground that the verdict is against the law and the evidence, is usually addressed to the discretion of the presiding justice. If an aggrieved party could have required the presiding justice at the trial to rule upon the sufficiency of the evidence to warrant the jury in finding affirmatively a particular issue and neglected to do so, he cannot as of right require the presiding justice, on a motion for a new trial, to make a ruling on the subject or to report the evidence. New trials often are granted on the ground that the verdict is against the evidence, even when there was some evidence to support the verdict proper to be submitted to the jury. Unless, on the hearing of such a motion, the facts in some proper way are separated from the law, there is no question of law arising from the decision on the motion which can be carried to the full court. But the presiding justice may, if he chooses, in deciding such a motion report the evidence to the full court, and, if he does so, there may be a question of law which the full court can consider.

Without deciding in the present case whether the presiding justice intended to report any question of law if the executor had no right to raise the question, we deem it best to say that we have read the evidence reported, and are of opinion that it

is sufficient to warrant the verdict of the jury on the third issue.* There is no question of law or fact before us on the appeal from the decree of the single justice disallowing the will, and that decree must be affirmed. The order overruling the motion of the executor for a new trial upon the third issue must also be affirmed. · So ordered.

---

* There was evidence for the contestant tending to show that Frederick threatened his father with violence if he should leave anything to Porter, that Frederick was offended with Porter on account of his marriage, that Porter was on good terms with his father, that the latter declared that he should divide his property equally between his two sons, and that he was afraid of Frederick. There was evidence for the appellee tending to contradict much of the above testimony, and to show that a memorandum which preceded the will was drawn by Frederick at his father's dictation, and that the father declared that he should give all his property to Frederick, as it would be a waste of money to give anything to Porter, and that he could not trust Porter in business matters.