STATE vs. PATRICK MOREHEAD.

PROVIDENCE—NOVEMBER 21, 1900.

PRESENT: Stiness, C. J., Tillinghast and Blodgett, JJ.

(1) *Intoxicating Liquors. Statutes. Former Jeopardy.*

Under the provisions of Gen. Laws R. I. cap. 92, § 1, evidence of the sale of intoxicating liquor by the defendant, a licensed liquor seller, on Sunday, is admissible on the trial of an indictment charging a common nuisance as directly tending to prove the charge, irrespective of the fact that a complaint is pending charging the defendant with the violation of Gen. Laws R. I. cap. 102, § 25, of sales on Sunday, and referring to the particular sale inquired about.

(2) *Construction of Statutes. Intoxicating Liquor.*

The mere fact that each separate sale made on Sunday is a distinct offence and punishable under another statute in no way interferes with the right to use such evidence on an indictment for keeping a nuisance.

(3) *Intoxicating Liquor. Lager-Beer.*

Under the decisions of this court lager-beer is both a malt and an intoxicating liquor. There is therefore no occasion for the State to prove in addition to the sale of lager-beer the further fact that it is an intoxicating liquor.

(4) *License. Intoxicating Liquor.*

A license to sell intoxicating liquor is not a defence to an indictment charging a common nuisance.

INDICTMENT charging a common nuisance. The facts are fully stated in the opinion. Heard on petition of defendant for new trial, and new trial denied.

(1) TILLINGHAST, J. The defendant, who has been convicted of keeping and maintaining a common nuisance in the town of Coventry, now petitions for a new trial on the ground of certain alleged erroneous rulings of the justice who presided at the trial, and also on the ground that the verdict is against the evidence. The indictment charges the keeping of a liquor nuisance. At the trial of the case it was agreed that the defendant had a license for the sale of intoxicating liquors in said town during all of the time covered by the testimony introduced by the State. In view of this fact, and of the

further fact that a complaint was pending against the defendant for the particular sale which was being inquired about, counsel for the defendant objected to the introduction of testimony of sales of liquor made by the defendant on Sundays, on the ground that the statute prescribes a specific punishment for such sales, and that to allow evidence of this sort to convict the defendant of keeping a nuisance would render him liable to be twice punished for the same offence. The court allowed the evidence to be offered, and the defendant duly excepted thereto. The ruling was correct.

(2)　　Gen. Laws R. I. cap. 92, § 1, provides, amongst other things, that "all buildings, places, or tenements used for the illegal sale or keeping of intoxicating liquors" are common nuisances. Evidence of illegal sales of intoxicating liquor in the building kept by the defendant, therefore, was pertinent as directly tending to prove the charge made in the indictment. Indeed, the main object of the statute evidently is to prevent the illegal sale of liquor by making it a common nuisance and punishable as such ; and the mere fact that each separate sale made on Sunday is a distinct offence and punishable under another statute in no way interferes with the right to use such evidence on an indictment for keeping a nuisance. A liquor nuisance under said chapter 92 is a clearly-defined and well-known statutory offence, for the commission of which the lowest penalty which can be imposed is thirty days imprisonment and $100 fine. Selling intoxicating liquor on Sunday in violation of section 25 of chapter 102 is a different and lesser offence, for the commission of which a lesser punishment is inflicted. And it is well settled that one may be a common seller contrary to a statute, and that in carrying on this business he may also be found guilty of specific sales under another statute, making each particular sale an offence. Thus in State v. Coombs, 32 Me. 529, Wells, J., said : "A single act of selling is an offence. Presuming to be a common seller is a different and higher offence. Both of these offences have their different and appropriate punishments. In the trial for common selling, the single acts of sale are not prosecuted. They are shown merely as evidence

of the larger crime. Such proceedings do not expose to a second punishment for the same offence."

In *State* v. *Maher*, 35 Me. 225, it was held that the conviction of the defendant as a common seller, embracing the' time in which the offence which was then before the court was charged, was no objection to the prosecution of the latter, for they were different offences. "The violation of the law in a single case," said the court, "is an offence ; where there is evidence of several violations they show another and more aggravated one of being a common seller, which implies a general and continued breach of the law." In *Com.* v. *Sheehan*, 105 Mass. 192, it was held that the offence of maintaining a tenement used for the illegal keeping or sale of intoxicating liquors is a distinct offence from that of keeping intoxicating liquors with intent to sell in violation of law, and that a conviction of the latter is not a bar to an indictment or complaint for the former. To the same effect are *Com.* v. *Bubser*, 14 Gray, 83; *Com.* v. *McCauley*, 105 Mass. 69; *Com.* v. *Cutler*, 9 Allen, 486 ; *Com.* v. *O'Donnell*, 8 Allen, 548 ; *Com.* v. *Trickey*, 13 Allen, 559 ; *Com.* v. *Hogan*, 97 Mass. 122. *State* v. *Flynn*, 16 R. I. 10, is squarely in point. There it was held that one could be punished for separate acts of intoxication, and that he could also be punished for being a common drunkard by reason of having been convicted of his previous separate offences. See also *State* v. *Kelly*, 12 R. I.. 535.

The uniform practice in this State has always been in full accord with the authorities cited.

It is clear, therefore, that even though the defendant had previously been convicted of illegally making the sales in question, which he had not, the testimony offered would have been admissible.

(3)    Evidence was introduced on the part of the prosecution, against the defendant's objection, that the' defendant sold lager-beer on Sunday. The ground of the objection was that the statute does not forbid the sale of lager-beer unless it contains upwards of two per centum of alcohol ; and as it was not shown that the lager-beer which defendant sold contained

upwards of said amount of alcohol, it was not shown that he sold intoxicating liquors.

The sale of malt liquors without a license is prohibited by statute (see cap. 102, § 1), and lager-beer is a malt liquor. *State* v. *Goyette*, 11 R. I. 592. It is also an intoxicating liquor. *State* v. *Rush*, 13 R. I. 198. There was, therefore, no more occasion for the State to prove that it was intoxicating than there was for it to prove that the whiskey sold by defendant was intoxicating. The statute relied on by the defendant simply enlarges the meaning of the word "intoxicating" so as to make it include any liquor or mixture of liquors, in addition to those kinds particularly enumerated, which shall contain more than two per centum, by weight, of alcohol. See *State* v. *McKenna*, 16 R. I. 398.

(4)    As to the general defence interposed by the defendant, namely, that he had a license, it was clearly of no avail. A license to sell intoxicating liquors does not include a license to keep a nuisance. A licensed dealer has no more right to sell liquor on Sundays to be drunk on the premises than has an unlicensed dealer. The license simply authorizes him to sell in accordance with law, and to conduct his business in a decent and respectable manner. If, therefore, he sells in violation of law, or permits his place to become the resort of intemperate, idle, dissolute, noisy, or disorderly persons, it is as clearly a nuisance under the statute as though it were kept by a person not having a license. See *State* v. *Barnes*, 20 R. I. 525.

The exceptions are therefore overruled, and, it appearing that the verdict is fully sustained by the evidence, the petition for a new trial is denied and the case remanded for sentence.

*Charles F. Stearns, Assistant Attorney-General,* for State.

*S. W. K. Allen,* for defendant.