ANNIE J. CROCKER, executrix, *vs.* GEORGE U. CROCKER
& others.

Suffolk. December 8, 1904. — April 5, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Equity Pleading and Practice. Probate Court, Appeal.*

Probate appeals are on the equity side of the court and are governed by the rules of practice in equity so far as they are applicable.

When on an appeal from the Probate Court issues are framed for a jury by a justice of this court the verdict of the jury if not set aside by the justice is conclusive upon the issues of fact.

APPEAL from a decree of the Probate Court for the county of Suffolk allowing the will of Uriel H. Crocker, late of Boston.

The case at first came on to be heard before *Lathrop*, J., who ordered that the following issues should be tried by a jury:

" First. Was the instrument propounded for probate as the last will of Uriel H. Crocker, deceased, executed according to law?

" Second. Was the said Uriel H. Crocker of sound and disposing mind and memory at the time of the execution of the said instrument?

" Third. Was said alleged will procured to be made through the fraud or undue influence of Annie J. Crocker?"

At a trial of these issues, the jury answered the first question in the affirmative, and disagreed upon the second and the third issues. Thereafter the same justice ordered that a second trial by jury should be had upon the second and third issues. At the second trial before *Braley*, J. the jury returned a verdict answering the third issue in the affirmative. Thereafter a motion was made on behalf of Annie J. Crocker that the court set aside the verdict and order a new trial, or that the cause stand for further hearing and the will be approved and allowed by the court. This motion was denied by *Braley*, J., who made a decree that the decree of the Probate Court allowing the will be reversed, that the will be disallowed, and that the case be remanded to the Probate Court for further proceedings. Annie J. Crocker appealed. She also made motions for the reporting of the evidence which were denied by the single justice as stated in the opinion of the court.

The case was argued at the bar in December, 1904, before *Knowlton*, C. J., *Morton*, *Lathrop*, *Barker*, & *Loring*, JJ., and afterwards was submitted on briefs to all the justices.

*J. H. Benton, Jr.,* (*A. F. Clarke* with him,) for the appellee.

*R. M. Morse & W. D. Turner*, for the appellants.

KNOWLTON, C. J. After a verdict of a jury in the Supreme Judicial Court, by which they affirmed that the alleged will presented for probate was " procured to be made through fraud or undue influence," the person named as executrix moved to set aside the verdict on the ground that it was against the law and the evidence. The last part of the motion was that, if the verdict is not set aside, " the cause stand for further hearing before the court, and the will be approved and allowed by the court, notwithstanding said verdict and answer to the third interrogatory." This motion was denied after a hearing, and a decree afterwards was entered setting aside the will and remanding the case to the Probate Court. At the hearing on this motion no request was made to report the questions raised by the motion, nor the facts, nor the evidence, if the decision thereon should be adverse to the executrix. The motion was denied on July 13, 1904, and the decree was entered on September 7, 1904. On

September 8 the executrix requested a report to the full court of all the evidence introduced at the trial, and on September 9 she requested in writing a report of facts to the full court, under the provisions of R. L. c. 159, § 23. An appeal was taken from the final decree, and on November 4, 1904, by leave of court, motions in writing were filed for an order reporting to the full court the evidence taken by the official stenographer at the trial, and for an order to be entered *nunc pro tunc*, appointing the official stenographer who took the evidence a commissioner to report it under the rule of court. These motions were denied by the single justice on the ground that he had no power to grant them, and the judge has reported the questions arising upon them to this court. The executrix at the same time entered an appeal from the denial. It appears by the report that the justice, in dealing with the motion for a new trial, found that the case had been thoroughly and fairly tried, and that there was substantial evidence to support the finding of the jury. A decree was entered in conformity with the verdict of the jury, and no additional material facts were found for the purpose of ordering the decree.

The appellant relies upon the rule of practice in equity cases in the English courts and in some of the courts of this country, to treat the verdict of a jury upon issues of fact, in a suit in equity or a probate appeal, as not necessarily conclusive upon the matters decided, but as a part of the proceedings, to be given weight or not, as the judge may think proper in making his decree. But a different practice has prevailed and has become well established in this Commonwealth. In *Franklin* v. *Greene*, 2 Allen, 519, the principal point decided relates to issues of fact submitted to a jury in a suit in equity, and, referring to the procedure in such cases, Mr. Justice Chapman says in the opinion: " When a verdict is rendered, and not set aside for good cause shown, it will be regarded as settling the facts in issue conclusively." The rule thus established has been followed uniformly ever since. In *Burlen* v. *Shannon*, 99 Mass. 200, Mr. Justice Foster, after referring to the practice in England and in many American courts, in probate appeals and in suits in equity, to treat a verdict without setting it aside as not binding upon the judgment of the court, says, " This practice has never been

sanctioned by the usage of our own courts," and cites *Franklin*
v. *Greene*, 2 Allen, 522. Chief Justice Gray, in *Ross* v. *New
England Ins. Co.* 120 Mass. 113, 117, uses these words: "If an
issue is ordered to be tried by a jury, their verdict is conclusive
upon that issue, unless set aside by the court for good cause
shown. *Franklin* v. *Greene*, 2 Allen, 519. *Ex parte Morgan*,
2 Ch. D. 72. The court, in the exercise of its discretion, should
not order such a trial, unless it is satisfied that the issue is one
which can be more satisfactorily tried by a jury than by the
court." The opinion by Chief Justice Field in *Langmaid* v.
*Reed*, 159 Mass. 409, contains this language in reference to
issues in equity: "The findings of the jury, not having been
set aside, must be taken as true. *Franklin* v. *Greene*, 2 Allen,
519. The justice who finally heard the cause could, however,
find on the evidence before him any other material facts not in-
consistent with these findings." The same proposition, in sub-
stance, is stated by Mr. Justice Barker in the opinion in *Dudley*
v. *Dudley*, 176 Mass. 34, a part of which is in these words:
"When issues of fact are submitted to a jury in an equity suit,
and a verdict is rendered upon the issues and is not set aside,
the verdict is regarded as settling the facts so put in issue. The
verdict is conclusive upon those issues." As applied to most
suits in equity, one of the reasons given for the rule in *Franklin*
v. *Greene*, *ubi supra*, is not in accordance with the later deci-
sions of this court. *Parker* v. *Simpson*, 180 Mass. 334, 355. To
another class of suits it is applicable. See *Powers* v. *Raymond*,
137 Mass. 483. This fact does not affect the validity of the rule
itself, which rests upon sound principles, and is supported by an
unbroken series of decisions.

Probate appeals, both by statute and decision, are upon the
equity side of the court, and are governed by the rules of practice
in equity, so far as they are applicable. Gen. Sts. c. 113, § 14;
c. 117, § 14. Pub. Sts. c. 151, § 14; c. 156, § 11. R. L. c. 162,
§ 15; c. 159, § 20. The statute authorizing the making of rules
for practice in equity cases was held to include probate appeals.
Gen. Sts. c. 113, § 26. *Wright* v. *Wright*, 13 Allen, 207, 209.
By Rule 37 of the Supreme Judicial Court in Chancery, found
in 14 Gray, 360, it is provided that, "The foregoing rules [being
all of the rules in chancery] shall apply to hearings upon probate

appeals, so far as the same are applicable thereto." Among these is the rule in regard to the trial of issues by a jury. The same rules are still in force. Chancery Rules of the Supreme Judicial Court, 36, 38, 136 Mass. 609, 610. The cases which refer to the practice in equity and probate appeals treat them together, as if governed by the same principles. *Wright* v. *Wright, ubi supra. Mason* v. *Lewis*, 115 Mass. 334, 335. *Green* v. *Hogan*, 153 Mass. 462. See *McKay* v. *Kean*, 167 Mass. 524, 528, a probate appeal in which the subject of issues to a jury is considered at length. In *Shailer* v. *Bumstead*, 99 Mass. 112, 131, and *Newell* v. *Homer*, 120 Mass. 277, 281, Mr. Justice Colt includes probate appeals and equity cases in the same proposition, when he says of the findings of the jury, " They may be disregarded in whole or in part if on the final hearing they are not deemed important, or new issues may be framed from time to time and submitted if the rights of the parties may seem to require it." But he does not intimate, if they are relevant or important when the case takes shape at the final hearing, that they can be disregarded, so long as they are allowed to stand. He had previously stated in the same opinion, that " in the matter of framing issues, proceedings in probate appeals are conducted in accordance with the rules and practice in equity."

There is no good reason for a different rule in the trial of issues to a jury in a probate appeal from that which applies to suits in equity. In this respect, so far as we have known, the practice in this Commonwealth has been uniform. Issues are framed only in cases which present questions of fact peculiarly proper for determination by a jury. When such issues are framed, and until they are disposed of by the court, they carry with them the ordinary methods of trial by jury in an action at common law. The verdict may be set aside for good cause, as a verdict may in an action at law. Whether the issues are in an ordinary suit in equity or in a probate appeal, the judge, in dealing with a motion for a new trial, exercises his discretion, as he does in an action at common law. *Perry* v. *Shedd*, 159 Mass. 200. *Capper* v. *Capper*, 172 Mass. 262. But if the verdict is allowed to stand, it is a determination of the facts in issue by the tribunal which was chosen by the court, because of its peculiar fitness, to deal with them. Our statutes expressly author-

ize the courts to frame issues of fact to be tried by a jury. R. L. c. 159, §§ 36, 38. Trial by jury in this Commonwealth has always been considered a valuable constitutional right, in the cases in which the right exists. When the Legislature expressly provides for it in suits in equity, the statute has been assumed by the court to mean a trial by jury which shall be of effect to settle the rights of the parties in regard to the matters determined by the jury.

In many cases it would be impracticable to apply the appellant's proposed rule, and it would be difficult in all cases. Issues may be sent to the Superior Court for trial. R. L. c. 159, § 36; c. 162, § 25. The judge of that court has no jurisdiction except to try the issues framed by the Supreme Judicial Court. He may set aside the verdict if there is ground for it, but he can do nothing else but transmit the verdict to the Supreme Judicial Court. There is no provision for a report of the evidence from the Superior Court to the Supreme Judicial Court. The testimony taken by the official stenographer of the Superior Court may be used in different ways under the statute, but it has no place in the Supreme Judicial Court upon a hearing of facts before a justice there. R. L. c. 165, § 85. Upon the appellant's theory, the justice of the Supreme Judicial Court might be called upon to hear all the evidence *de novo*, disregarding the verdict, and then to have it reported for the full court, to be used on an appeal to that court. Nothing would be gained by a trial of issues to a jury under such a practice.

We are of opinion that the justice could not properly enter a decree at variance with the finding of the jury, so long as their verdict was allowed to stand.

If the decision of this question were different, it would not follow that the motions of the appellant, filed a long time after the entry of the final decree, should have been granted. There are other good reasons why they should have been denied, which we need not consider.

All of the justices agree in the conclusion reached but a minority of the court do not agree with the reasoning.

*Decree affirmed.*