WALTER A. LAMBERT, administrator with the will annexed, *vs.*
BERTHA R. M. CHENEY.

Suffolk. March 5, 1915. — May 25, 1915.

Present: RUGG, C. J., BRALEY, DE COURCY, & CARROLL, JJ.

*Practice, Civil,* New trial. *Probate Court,* Appeal. *Supreme Judicial Court.*

A motion for a new trial of issues, which were framed by the Supreme Judicial
Court on an appeal from a decree of a Probate Court allowing a will and were
sent to the Superior Court for trial, can be made only in the Superior Court,
where the issues were tried.

Motions for new trials of issues framed upon appeals from decrees of the Probate
Court are governed by the same rules as are motions for new trials in actions
at common law.

In this Commonwealth the findings of a jury upon issues of fact framed upon
an appeal from a decree of a Probate Court, if not set aside by this court for
an error of law or by the court in which the issues are tried on a motion for
a new trial, are conclusive upon the parties and their privies.

CARROLL, J. This is an appeal from a decree of the Probate
Court for Suffolk County allowing the will of Mamie E. Mawson,
late of Boston. In the Supreme Judicial Court, on motion of the
appellant, issues were framed and the case was sent to the
Superior Court, where it was brought before a jury * who, on
October 14, 1914, found that the will was properly executed, that
the testatrix was of sound mind, and that no fraud or undue in-
fluence was practiced upon her.

Exceptions were not filed within the time required by law,
R. L. c. 173, § 106, but the time for filing was extended to and
including November 23, 1914, on which day the exceptions of
the appellant were filed; but no notice of the filing was given to
the appellee until the next day, November 24, 1914. *De Bang*
v. *Scripture,* 168 Mass. 91. On November 25, 1914, the ap-
pellant filed a motion requesting an extension of time for the
giving of notice of the filing of her exceptions and requesting
the court, in the event of the dismissal of her exceptions, to report
the case to the full court; and on the same day the appellee filed

---

* The case was tried in the Superior Court before *Brown,* J.

a motion in the Superior Court, asking that the exceptions be dismissed because of the failure to give the notice within the proper time. *Hack* v. *Nason,* 190 Mass. 346.

On December 8, 1914, after a hearing, the judge of the Superior Court denied the motion of the appellant for an extension of time, allowed the motion of the appellee to dismiss the exceptions and refused to report the case to the full court. The appellant's exceptions were accordingly dismissed. No appeal from or exception to this decision was taken in the Superior Court. On December 29, 1914, the clerk of that court returned the papers to this court, with his certificate of the proceedings in the Superior Court. At the hearing in the Supreme Judicial Court * upon a motion to enter a final decree, the appellant objected, and for the first time presented her motion for a rehearing, asking that the findings upon the second and third issues be set aside and a new trial be granted on those issues, either in this court or in the Superior Court, because the judge excluded evidence offered by her, refused instructions requested by her, and gave instructions inconsistent with those she had requested. This motion was denied, and interlocutory and final decrees were ordered to be entered.

The motion of the appellant before a justice of the Supreme Judicial Court, at the hearing to enter the proper decrees in the case, was in effect a motion for a new trial. Such a motion must be made in the court where the case is tried. R. L. c. 173, § 112. *Coffing* v. *Dodge,* 169 Mass. 459. *Manzigian* v. *Boyajian,* 183 Mass. 125. Motions for new trials in probate appeals are governed by the same rules as in suits at common law. *Perry* v. *Shedd,* 159 Mass. 200.

But the appellant maintains that the verdict of a jury in a probate appeal is merely to inform the conscience of the court, and that the judge may adopt or disregard it; that the verdict in such a case being advisory, it is not conclusive, as in an action at law, and the court ordering the decree may enter such a decree as it thinks proper, notwithstanding the verdict of the jury. And this is the practice in a number of jurisdictions. See Fletcher, Eq. Pl. & Pr. 631, *et seq.*; but in this Commonwealth the prac-

---

* By *Pierce,* J.

tice has been directly to the contrary. The verdict of a jury at common law or in a probate appeal is conclusive and is looked upon as establishing all the facts, unless, within the discretion of the trial judge, the verdict is set aside. *Crocker* v. *Crocker,* 188 Mass. 16. And on appeal to this court, we cannot set aside the verdict of a jury on issues properly submitted to them and heard in another tribunal. *Crocker* v. *Crocker, supra.* See also *Newburyport Institution for Savings* v. *Coffin,* 189 Mass. 74. When the case came before a single justice of this court, he, as matter of law, properly refused the motion of the appellant and ordered the decrees to be entered.

*Decree affirmed.*

*G. P. Bryant,* for the appellant.
*F. Burke,* for the appellee.