COMMONWEALTH *vs.* JENNIE CAPLAND.

SAME *vs.* ISAAC BERLEY.

Middlesex.    January 14, 15, 1926. — February 24, 1926.

Present: RUGG, C.J., BRALEY, CARROLL, WAIT, & SANDERSON, JJ.

*Practice, Criminal,* Entry by order of court of plea of "not guilty," Vacation of plea by order of court, New trial.    *Pleading, Criminal,* Indictment.    *Jury and Jurors.*

An indictment charging violation of the law as to intoxicating liquors named as the defendant "Fred Doe, whose other and true name and a more particular description of whom is to said jurors unknown." Three days after the return of the indictment, some one appeared and pleaded not guilty to the indictment, and that plea was entered.    Over a month later, one Berley, who was not the person who previously had appeared and pleaded, was arrested and arraigned.    No formal plea then was entered.    The Commonwealth moved, "the name of the defendant in the above entitled case indicted under the name of Fred Doe now having discovered to be truly Isaac Berley, that the name Isaac Berley be entered on the record and used in all subsequent proceedings."    The motion was allowed; the former plea of not guilty was vacated; Berley was arraigned and refused to plead, and a plea of not guilty was entered by order of the trial judge.    *Held,* that

(1) It was assumed that the first plea of not guilty was entered by mistake, and it therefore was proper to order it vacated;

(2) The order that the plea of not guilty be entered for Berley was proper;

(3) The form of the original indictment and the substitution of the name of Berley for that of the defendant named therein were proper under G. L. c. 277, § 19.

Upon a motion for a new trial upon an indictment charging a woman with violation of the law as to intoxicating liquors, based on the ground that after the jury had been empanelled the assistant district attorney read to the jurors not empanelled on the case, a letter, reflecting on the place of business and the conduct of a woman who it could have been found was the defendant, and that thereafter, one or more of

these jurors "went before the jurors who were empanelled in said case," during intermission, and in their hearing detailed the contents of the letter, the judge found that the jurors empanelled on the case on trial did not discuss the information received during their consultation, and that the judgment of the juror who heard this statement was not influenced by it and dismissed it from his mind; and denied the motion. *Held*, that the denial of the motion was within the discretion of the trial judge and that no reason appeared for disputing his ruling.

INDICTMENTS, found and returned on May 8, 1925, charging violation of the law as to intoxicating liquors.

In the Superior Court, the actions were tried together before *Stone*, J., a judge of a district court sitting in the Superior Court under Sts. 1923, c. 469; 1924, c. 485. The indictments and exceptions saved at the trial are described in the opinion. The defendant Capland was found guilty on all counts of the indictment against her, and the defendant Berley was found guilty on the second count of the indictment against him. The defendants alleged exceptions.

*W. R. Scharton,* for the defendants.

*R. T. Bushnell,* Assistant District Attorney, for the Commonwealth.

CARROLL, J. The defendants were separately indicted. Jennie Capland was charged on four counts with violations of the liquor laws; Isaac Berley was indicted on three counts, the first for an alleged sale, the second for keeping liquor with intent to sell the same unlawfully, and the third for maintaining a common nuisance. The indictment on which Berley was tried was numbered 13,506. The defendants were tried together. Berley was found not guilty on the first and third counts, by order of the trial judge, and the jury returned a verdict of guilty on the second count.

The indictment 13,506 stood in the name of "Fred Doe, whose other and true name and a more particular description of whom is to said jurors unknown." On May 11, 1925, some one appeared in court and pleaded to said indictment, and a plea of not guilty was entered. Berley was not arrested or arraigned until June 15, 1925. When arraigned he was allowed to go on his own recognizance and "no formal plea was then entered in behalf of the defendant." On June 15 the Commonwealth moved, "the name of the defend-

ant in the above entitled case indicted under the name of Fred Doe now having discovered to be truly Isaac Berley, that the name Isaac Berley be entered on the record and used in all subsequent proceedings." This motion was allowed June 29, on which day Berley was arraigned for trial. He objected to being placed on trial on this indictment. His objection was overruled, and the defendant excepted. He refused to plead and the trial judge ordered the clerk to enter a plea of not guilty.

The entry of the plea of not guilty when the defendant had refused to plead was not prejudicial to the defendant and was properly ordered by the court. If a defendant upon arraignment refuses to plead, the court may order a plea of not guilty to be entered and the trial is to proceed as if the defendant had pleaded not guilty. G. L. c. 277, § 71. *Commonwealth* v. *McKenna,* 125 Mass. 397. *Commonwealth* v. *Quirk,* 155 Mass. 296.

Berley also contends that the indictment was invalid because it contains no description of the defendant by name "or other description"; that when one person has pleaded to an indictment against Fred Doe, whose true name was not known to the jurors, "the indictment becomes dead as to any further service." It does not appear that the defendant excepted to the form of the indictment. Under the statute, G. L. c. 277, § 19, if the name of the accused is unknown to the grand jury, he may be described by a fictitious name, or by any other practicable description, with an allegation that his real name is unknown. The indictment against the defendant followed the provision of the statute, and was legal. By reason of this statute, *Commonwealth* v. *Crotty,* 10 Allen, 403, upon which the defendant relies, is not relevant. Even at common law a misnomer of the defendant could be taken advantage of only by a plea in abatement. "Had he chosen to plead in abatement, the grand jury might then have amended their bill of indictment, and found and returned it anew." *Turns* v. *Commonwealth,* 6 Met. 224, 235, 236. But now, under G. L. c. 277, § 19, an indictment of the defendant by a fictitious or erroneous name is not a ground for abatement, the statute providing that when the

true name of the defendant is discovered, it shall be entered on the record and may be used in subsequent proceedings, "with a reference to the fact that he was indicted by the name or description mentioned in the indictment."

The motion of the district attorney was in accordance with the statute. The defendant was placed on trial on indictment No. 13,506, in conformity with the law, although "some one . . . [other than Berley] pleaded to said indictment" and a plea of not guilty was entered by the clerk. The indictment was not dead, as claimed by the defendant. The court had the right to vacate the form of plea. If by accident or mistake, an entry was made when there was no plea, or a plea of not guilty was made by some one other than the defendant, the indictment was not destroyed. It remained in full force and was valid against the defendant. No harm came to the defendant by vacating the form of plea of not guilty, which plea, we must assume, was entered by mistake.

The defendant moved for a new trial on the ground that after the jury had been empanelled, the assistant district attorney read a letter, reflecting on the place of business and the conduct of a woman who it could have been found was the defendant Capland, to the jurors not empanelled on the case; and thereafter, one or more of these jurors "went before the jurors who were empanelled in said case," during intermission, and in their hearing detailed the contents of the letter. After hearing, the motion was denied. The judge found that the jurors empanelled on the case on trial did not discuss the information received during their consultation; that the judgment of the juror who heard this statement was not influenced by it, and dismissed it from his mind. The motion for a new trial was overruled and the defendant excepted.

We find no reason for disturbing the ruling of the trial judge. It was within his discretion, and his decision on such matters is not subject to revision by this court. This aspect of the case is governed by *Commonwealth* v. *White,* 147 Mass. 76. *Commonwealth* v. *White,* 148 Mass. 429. In *Commonwealth* v. *White,* 147 Mass. 76, it was said at page 79: "Re-

marks made in the presence or hearing of jurors as to cases on trial cannot always be prevented.   . . .   It is not to be presumed that they will be affected by casual observations made in their presence, or even to them.   It is for the judge in each instance to determine whether what has taken place is of this incidental character, or whether conversations or solicitations have been addressed to them of such a nature that their effect must fairly be held to have been to deprive the injured party of a fair and impartial trial." See *Manning* v. *Boston Elevated Railway,* 187 Mass. 496; *Commonwealth* v. *Corcoran,* 252 Mass. 465, 489.

*Exceptions overruled.*