David T. Gibbons, J.
Defendant moves for an inspection of the Grand Jury minutes of the testimony upon which the indictment herein was based, and for an order dismissing the *1094 indictment as to said Epifanio Ayala. The indictment returned •on February 25, 1971, charged one, John Doe, with criminally ■selling a dangerous drug in the third degree (2 counts) and criminally possessing a dangerous drug in the fourth degree (2 counts). The defendant bases his application on the ground that notwithstanding the indictment was handed down against “ John Doe”, the evidence before the Grand Jury was insufficient in law to find the indictment against Epifanio Ayala.
Attached ¡to the supporting affidavit, are the minutes of the arraignment herein from which it appears that immediately prior to the arraignment, and after the defendant had been exposed to a prearraignment observation by law enforcement officers outside the court, the District Attorney moved to amend the indictment to the extent of changing the name of the defendant from John Doe to Epifanio Ayala.
An examination of the Grand Jury minutes in this matter discloses ¡that the principal witness against the defendant was an undercover agent of the police department who, having no present knowledge of the defendant’s true name, described him as a “ male Puerto Bican, approximately 160' pounds, has dark curly hair, a round face and light brown complexion”.
It has been the policy of this State that a defendant may be indicted under a fictitious name where his true name is unknown.
Section 277 of the Code of Criminal Procedure provides: ‘1 When defendant is indicted by fictitious or erroneous name, his true name may be inserted in subsequent proceedings. If a defendant is indicted by a fictitious or erroneous name, and in any stage of the proceedings his true name is discovered, it may be inserted in the subsequent proceedings, referring to the fact 'of his being indicted by the name mentioned in the indictment.”
Where a prosecution involving narcotics is based on the testimony of an undercover police officer, as here, it is frequently the case that ¡the police officer is not cognizant of the defendant’s true name.
At the time of the presentment to the Grand Jury, this complaining witness, in the absence of knowledge of the true name •of the individual against whom he was giving testimony, gave a description of ¡the physical features of the person with whom he was involved in a criminal transaction. This was the most to which he could testify to connect the defendant to the crime charged when he appeared before the Grand Jury.
A rule which would, under the circumstances of this case, mandate that no indictment may be found where the name of *1095 the accused is unknown, would frustrate the machinery of criminal justice. Our statutory scheme is to the contrary.
Under the statute (Code Crim. Pro., § 277) an indictment may be handed down against a defendant, as John Doe, where his true name is unknown, and the same may be amended to show the true name at any time when it is ascertained.
This policy was approved by the Court of Appeals in People v. Bogdanoff (254 N. Y. 16, 29) as follows: “ We have held that an indictment may not be amended to change the substantial elements and nature of the crime charged in the indictment.
(People v. Geyer, 196 N. Y. 364.) On the other hand, we have held that error in description or name may be corrected or disregarded. (People v. Johnson, 104 N. Y. 213.) So, too, where a defendant is indicted by a fictitious or erroneous name his true name may be inserted whenever that is discovered. (Code Crim. Pro., § 277.) (See People v. Seidenshner, 210 N. Y. 341.) ”
In the explanation of its position that under certain circumstances extraneous evidence may properly be utilized to establish identity where the defendant is insufficiently or erroneously described in an indictment, the court further stated at page 30, as follows: “In Massachusetts, as in this State, where a defendant has been indicted under a fictitious name because his true name was unknown, the true name may be inserted whenever discovered. (Commonwealth v. Gedzium, 259 Mass. 453.) That is true even though by mistake, some person other than the defendant whom the grand jury intended to describe 'had previously pleaded to the indictment. (Commonwealth v. Berley, 254 Mass. 556.) Though extraneous evidence be necessary to identify a defendant, insufficiently or erroneously described in the indictment, it seems clear that an accused cannot claim that he is held without indictment where such evidence proves that he is the person the grand jury intended to accuse, and the record is amended accordingly. ’ ’
In pursuing the legal questions involved by this motion, the court has become aware of the recent decision in Connor v. Picard (434 F. 2d 673), decided by the United States Court of Appeals for the First Circuit (Massachusetts) in which the court struck down, as in violation of the equal protection clause of the United States Constitution, a procedure under Massachusetts statute similar to that prevailing in this State under section 277 of the Code of Criminal Procedure. Unlike the Connor case where the defendant was indicted as “ John Doe, the true name and a more particular description of the said John Doe being to the said jurors unknown,” the above- *1096 mentioned description of the physical attributes of the defendant in particularity was given to the Grand Jury in the instant matter.
Until such time as this question is passed upon and changed by an appellate court of this State, the long-standing policy of permitting extraneous evidence to be used to explain the identity of an accused in an indictment against a defendant described as “ John Doe ”, above alluded to, will be followed by this court.
The minutes of the Grand Jury establish that the indictment is based on legally sufficient evidence and the motion, therefore, must be denied.
If defendant claims the employment of any improper identification procedures by law enforcement officers when the defendant was observed prior to arraignment, or otherwise, then he may, if he be so advised, apply for relief under the principle of United States v. Wade (388 U. S. 218) ; Gilbert v. California (388 U. S. 263) and Stovall v. Denno (388 U. S. 293).
It is, therefore, ordered, that the defendant’s motion is hereby denied in all respects.