Frank X. Altimari, J.
This is a motion by the defendant for an order dismissing the indictment. (CPL 210.20, subd. 1, par. [a]; CPL 210.25, subd. 1.)
On May 21, 1973 the Grand Jury indicted one Lawrence “ Doe ” for the crimes of criminally selling a dangerous drug in the third degree (2 counts), criminally possessing a dangerous drug in the fourth degree (2 counts), criminally selling a dangerous drug in the fourth degree (2 counts), and criminally possessing a dangerous drug in the fifth degree (2 counts).
The defendant maintains .that the indictment is defective. Neither the title of the indictment nor the body of each count of the indictment describes the physical traits or the last known address of Lawrence “ Doe ”.
The Dis- ct Attorney claims that an indictment against a defendin'-; under a fictitious name is lawful where a Grand Jury witness, who does not know the intended defendant’s name, gives testimony with respect to such defendant’s physical description or other factors which would tend to identify such defendant. The District Attorney relies upon the case of People v. Doe (66 Misc 2d 1093), and the authorities cited therein.
In People v. Doe (supra) my distinguished colleague denied a motion similar to the one presented here. However, the Doe opinion was, in part, based upon the decision in Connor v. Picard (434 F. 2d 673 [1st Cir.]).
In Connor (supra) the United States Court of Appeals for the First Circuit struck down a procedure under Massachusetts law similar to that prevailing in New York under CPL 200.70 *737 and section 277 of the former Code of Criminal Procedure. The cited sections of the CPL and its predecessor permitted an amendment to an indictment upon application hy the People after the true name of a defendant became known.
The decision of the First Circuit in Connor was thereafter reversed upon the ground that the defendant failed to exhaust his State remedies. (Picard v. Connor, 404 U. S. 270 [1971].) Consequently, the defendant filed a writ of error in the Supreme Judicial Court of Massachusetts.
The Massachusetts court held that the indictment must contain words of description which have particular reference to the person whom the State seeks to charge and convict. The court stated: “ No matter how extensively or specifically the defendant was described in grand jury proceedings, the constitutional requirement can he met only by a sufficient description in the indictment itself.” (Connor v. Commonwealth, 296 N. E. 2d 172, 175.) • In so holding, the Massachusetts court expressly overruled its long line of cases which held to the contrary. (See, e.g., Commonwealth v. Gedzium, 259 Mass. 453; Commonwealth v. Berley, 254 Mass. 556; Commonwealth v. Doherty, 353 Mass. 197.) As a result of Connor v. Commonwealth (supra), the viability of the New York case law has deteriorated.
New York decisional law, which speaks to the question of amendment of indictments charging unknown persons with the commission of crimes, is firmly rooted in the rationale of the Massachusetts case law. (Cf. People v. Bogdanoff, 254 N. Y. 16 [1930] with Commonwealth v. Gedzium, supra.)
In People v. Bogdanoff (supra, p. 30) Judge Lehman stated, ‘ ‘ In Massachusetts, as in this State, where a defendant has been indicted under a fiqtitious name because his true name was unknown, the true name may be inserted whenever discovered. (Commonwealth v. Gedzium, 259 Mass. 453.) That is true even though hy mistake, some person other than the defendant whom the grand jury intended to describe had previously pleaded to the indictment. (Commonwealth v. Berley, 254 Mass. 556.)”
Therefore, the question is whether or not this court should re-evaluate its position in view of the fact that the Massachusetts rule change has weakened the foundation of the New York law. Such question must be answered in the affirmative.
In Connor v. Commonwealth (296 N. E. 2d 172, 176, supra), after holding that the indictment was defective, the court continued, “ To hold otherwise is to vest the grand jury’s ultimate *738 power in the Judge. We need not comment at this time as to the minimum descriptive content required in any indictment, or the sufficiency of partial names, or aliases traceable to the defendant, or other words of description such as, ‘ by stating his occupation, his personal appearance and peculiarities, the place of his residence, o:r other circumstances by which he can be identified ’. [Citations omitted.] We need not reach such discussion because the description of the accused here as merely ‘ John Doe ’ expressed no more than the grand jury’s intention to accuse a man, otherwise unspecified, of the crime of murder. The comments in the dissenting opinion (Kirk, J. joined by Spiegel, J.) in the Doherty case (353 Mass, at 217-218, 229 N. E. 2d at 279) are apt: * * The name “John Doe” gives no clue to identity. Standing alone it is synonymous with anonymity. The indictment of John Doe is the indictment of anyone. The indictment of anyone is the indictment of no one. The indictment of no one is an indictment in blank. The indictment as returned, therefore, subjected Connor to a public trial before the grand jury had determined in the first instance that probable cause existed to believe that he committed the crime charged in the indictment # * * ’ ”.
It is the opinion of this court that it is not enough that the proof before the Grand Jury reflect that that body indicted the defendant. The indictment itself, together with the evidence before the Grand Jury, must establish a warrantable inference that the Grand Jury indicted the person who is to be arraigned, stand trial and be sentenced, if convicted.
Therefore, this court holds that an indictment against an unknown person or fictitious person must contain a sufficient description of the person intended to be indicted. Consequently, the indictment herein is defective and may not be amended.
It follows therefore that CPL 200.70 (subd. 1) is unconstitutional insofar as it purports to permit an amendment of an indictment with respect to the inclusion of a defendant’s true name, where such indictment had previously charged an unknown and undescribed person with an offense.
Based upon the foregoing, it is
Ordered that indictment No. 37399 is hereby dismissed with leave to the District Attorney to re-present to another Grand Jury.