UNITED STATES v. DOE.

(District Court, N. D. California. February 10, 1904.)

No. 4,158.

1. INDICTMENT—DESIGNATION OF DEFENDANT—FICTITIOUS NAME—DESCRIPTION.
   An indictment charging "John Doe, a Chinese person, whose true name is to the grand jurors aforesaid unknown," with the offense of aiding the illegal landing of a Chinese person in the United States, showed on its face that the name "John Doe" was fictitious only, and that the grand jurors were unable to identify the person whom they were indicting, and was therefore void for insufficiency of description.

2. SAME—OBJECTIONS—DEMURRER.
   Where an indictment shows on its face that it is void for insufficiency of description of the person indicted, the defect may be taken advantage of by demurrer as well as by plea in abatement.

Marshall B. Woodworth, U. S. Atty.
T. C. West, for defendant.

DE HAVEN, District Judge. The indictment charges "John Doe, a Chinese person, whose true name is to the grand jurors aforesaid unknown," with the offense of having aided and abetted the illegal landing of one Lee Hun in the United States from a certain vessel arriving in San Francisco from the port of Hong Kong. A Chinese person has been arraigned upon this indictment, and has demurred thereto upon several grounds, one of which is "that it is not alleged therein and cannot be ascertained therefrom who is charged with having committed the offense attempted to be charged therein." It is a fundamental rule of criminal pleading that a defendant must be so described in an indictment that he can be identified, and for this purpose the general rule is that he must be charged by his true name, or by the name by which he is generally known; and, if neither his true name nor the name by which he is generally called is known, then he must be otherwise so described that it shall appear what particular person is charged with the commission of the offense named in the indictment. In section 678, vol. 1, Bishop on Criminal Procedure, it is said:

"The grand jury can, if they choose, charge him by a mere fictitious name, as though known to be his own. Then, if he elects not to be tried by it, he must plead the misnomer in abatement, and give his true name, which they can substitute for the old in a fresh indictment. Or by statute in some of our states the true name may, on tender of the plea, be substituted for the fictitious, as already explained."

And in 1 Archbold's Criminal Practice and Pleading, p. 241, note (1), it is said:

"A name which the defendant has usually gone by and acknowledged is sufficient; and if there be a doubt which of two names is the real one, the second may be added after an alias dictus, thus: 'Richard Wilson, otherwise called Richard Sayer.' * * * If his name be unknown, and he refuse to disclose it, he may be indicted as 'a person whose name is to the jurors unknown, but who was personally brought before them by the keeper of the prison.' * * * But an indictment against him as a person to the grand jurors unknown is insufficient, without something to ascertain whom the grand jury meant." Anon., Russ. & R. 489.

If in this case the defendant had been indicted as John Doe simply, without any other words in the indictment to indicate that such was not his true name, then, in order to avail himself of the misnomer, he would have been required to enter a plea in abatement, giving his true name, and in the absence of such plea could have been proceeded against under the name of John Doe; but in this indictment it clearly appears that the name John Doe is used only as a fictitious designation, and that the grand jurors were unable to identify the person whom they were indicting. To describe the defendant as "John Doe, a Chinese person, whose true name is to the grand jurors aforesaid unknown," is just as indefinite as if he had been described as "a Chinese person, whose true name is to the grand jurors unknown." With no other description of the defendant than this, it is not possible to say what particular Chinese person the grand jury intended to indict, and for this reason the indictment is clearly insufficient. A warrant for the arrest of the person named therein as defendant, to wit, "John Doe, a Chinese person, whose true name is unknown," would be absolutely void, and afford no protection to an officer who should arrest any per-

son in supposed obedience to its command, because from such a description no particular person could be identified as the one against whom it was issued. West v. Cabell, 153 U. S. 78, 14 Sup. Ct. 752, 38 L. Ed. 643; Commonwealth v. Crotty et al., 10 Allen, 403, 87 Am. Dec. 669; Mead v. Haws, 7 Cow. 332. The reason upon which the courts proceed in holding such a warrant absolutely void does not apply in its full force to an indictment, and an indictment thus defective would not be held void upon a collateral attack; but, while this is so, I am clearly of the opinion that an indictment so indefinite in its description of the defendant that a warrant for his arrest, following the description contained in the indictment, would be void, lacks that degree of certainty which the law requires, and must be held insufficient, when directly assailed by a demurrer or motion to quash upon that ground.

The demurrer is sustained.