### DUFFY v. KEVILLE, U. S. Marshal.

(District Court, D. Massachusetts. December 10, 1926.)

#### No. 3536, Civil.

1. **Indictment and information ⊛⟳81(1)—Description in indictment must identify accused.**

An indictment must describe the accused sufficiently so that he or she can be identified.

2. **Criminal law ⊛⟳242(4)—Indictment held too indefinite as to person charged to warrant removal of person arrested to another district for trial thereon.**

An indictment against "Jane Duffy, the name Jane being fictitious," does not describe any particular person, but is equally applicable to every woman named Duffy, and is insufficient to warrant removal of a person arrested to another district for trial thereon, and the indefiniteness cannot be cured by extrinsic evidence that such person was meant.

Habeas Corpus. Petition of Mary Duffy against William J. Keville, United States Marshal, for writ of habeas corpus. Writ granted.

John H. Backus, of Boston, Mass., for plaintiff.

Edwin R. McCormick, Asst. U. S. Atty., of Taunton, Mass., for defendant.

MORTON, District Judge. Habeas corpus to secure the release of the petitioner, Mary Duffy, who is held for removal to the Southern district of New York. The facts are as follows: An indictment was returned to the United States District Court in New York, charging a number of persons with conspiracy, one of them being "Jane Duffy, the name Jane being fictitious." This was the only description of this particular defendant; no residence or address was given, and there was no further description of the person named.

On this indictment a complaint was made by Mr. Tighe, chief deputy marshal for this district, to United States Commissioner Jenney, representing that "Jane Duffy, the name Jane being fictitious," was in this district, and was a fugitive from justice in the Southern district of New York. Upon this complaint a warrant was issued by Commissioner Jenney in the same tenor, and upon it the petitioner was arrested and taken before Commissioner Lilley at New Bedford. At the hearing before him, the petitioner refused to plead to the indictment. One Claffey testified, in substance, that before the indictment was returned she had stated to him that she was concerned in the transaction on which the indictment was later based, and that he had testified with reference to her connection with it before the federal grand jury in New York, stating to them that he knew her only as "Mrs. Duffy."

On this evidence the commissioner ruled that a prima facie case was made out, identifying the petitioner as the person named in the indictment, a copy of which was submitted to him; and he held her for removal. The present proceeding was then brought. The petitioner's name is Mary Duffy; she has never been known by any other name; she lives in Fairhaven in this district.

[1, 2] An indictment must describe the accused sufficiently so that he or she can be identified. Comm. v. Crotty, 10 Allen (Mass.) 403, 87 Am. Dec. 669; U. S. v. Doe (D. C.) 127 F. 982, an excellent opinion by Judge De Haven; West v. Cabell, 153 U. S. 78, 14 S. Ct. 752, 38 L. Ed. 643; R. v. Hood, 1 Moody, 281. Generally this is done by name and residence; occupation is sometimes added. In large cities there are apt to be several persons of exactly the same name. If the wrong one be put on trial, the evidence will, of course, disclose the mistake. In order to avoid this, it is customary for the arresting officer to inquire of the prosecuting attorney which person is wanted. This is a very different situation from one where the indictment shows on its face that it does not describe any particular person. The present indictment is equally applicable to every woman named "Duffy" residing anywhere in the world. The patent indefiniteness of such an indictment cannot be cured by evidence that a certain person was in fact meant. The late Commissioner Hayes, an able and experienced magistrate, was accustomed to require great particularity of personal description in warrants where the name was fictitious or likely not to be sufficient for identification.

A person cannot be removed to another district except upon evidence that he or she is there charged with crime. This indictment, as I construe it, contains no charge against this petitioner; it supports no finding that she is accused of crime. Under the cases above cited, it was void as far as she is concerned.

The writ must issue, and, upon the return of it, an order will be entered discharging the petitioner.