**UNITED STATES of America, Plaintiff,**

v.

**LEADER CHEESE COMPANY, Defendant.**

**No. 72–CR–114.**

United States District Court, E. D. Wisconsin.

Jan. 10, 1973.

---

David J. Cannon, U. S. Atty. by David B. Bukey, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Howard H. Boyle, Jr., Beaver Dam, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

Leader Cheese Company is charged in a two count indictment with the pollution of Lau Creek by its alleged discharge of liquid effluents and whey into the stream in violation of 33 U.S.C. § 407. A copy of the indictment was mailed to one Fred Heim, Vice-President, Leader Cheese Factory, Route #1, Reeseville, Wisconsin 53579. Mr. Heim appeared at the arraignment. A pretrial conference was held in this matter, and the case has been set for trial on January 22, 1973.

The defendant has moved to dismiss the indictment for the reason that there is no person or entity in existence by the name of "Leader Cheese Company". In support of this motion, one Fred Heim, Jr. has submitted an uncontroverted affidavit in which he asserts that he is the vice-president of Heim Cheese Co., Inc.; that Fred Heim is the secretary-treasurer of Heim Cheese Company, Inc.; that neither Fred Heim nor Fred Heim, Jr. have ever been an officer or employee of Leader Cheese Company; and that Leader Cheese Company forfeited its corporate charter prior to 1971. While the government does not dispute these assertions, it argues that the name "Leader Cheese Company" is used interchangeably with "Heim Cheese Co., Inc.".

The test for the sufficiency of an indictment is quoted in Russell v. United States, 369 U.S. 749, 764, 82 S.Ct. 1038, 1047, 8 L.Ed.2d 240 (1962). An important element of this test, from the standpoint of the accused, is:

" ' . . . in case any other proceedings are taken against him for a similar offense whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.' "

The instant indictment fails to satisfy this criterion. It may be true, as the government asserts, that the name "Leader Cheese Company" is used interchangeably with "Heim Cheese Co., Inc."; it may also be true that Heim Cheese Co., Inc. is the only cheese manufacturer in the vicinity of Lau Creek. The government urges that Heim Cheese Co., Inc. has suffered no prejudice as a result of the misnomer, but such information is not readily apparent from the record before this court nor is it to be found within the four corners of the indictment. Accordingly, the indictment must be dismissed.

Therefore, it is ordered that the defendant's motion to dismiss the indictment be and hereby is granted, and the indictment is dismissed.