**UNITED STATES of America,**
**Plaintiff,**

**v.**

**John DOE a/k/a Leo, a white male, approximately 23 years old, approximately 5′ 7″ tall, approximately 135 pounds, with black hair, brown eyes and a black mustache, Defendant.**

**No. 73–CR–266.**

United States District Court,
E. D. Wisconsin.

June 17, 1975.

Terry E. Mitchell, Asst. U.S. Atty., Milwaukee, Wis., for plaintiff.

John D. Murray, Coffey, Murray & Coffey, Milwaukee, Wis., for Raymond Zoccola.

James R. Andary, Detroit, Mich., for Leonard Marchesani and John Doe.

## MEMORANDUM AND ORDER

WARREN, District Judge,

On September 17, 1973, a special grand jury returned an indictment against the individual named above and one Raymond Zoccola. Said indictment charges that both persons knowingly and intentionally did unlawfully possess with intent to distribute and did distribute a specific quantity of phencyclidine HCl, a Schedule III controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

On October 16, 1974, one Leonard Terry Marchesani was arrested in Macomb County, Michigan, pursuant to a warrant issued on the indictment here at issue; on January 20, 1975, after various motions had been presented in both the Eastern District of Wisconsin and the Eastern District of Michigan, transfer of this prosecution to the district of arrest was denied by order of The Honorable John W. Reynolds, Chief Judge of the United States District Court for the Eastern District of Wisconsin.

The case is presently before this Court for resolution of a motion to dismiss the indictment, filed on behalf of Marchesani on January 31, 1975. Having duly considered the pleadings, memoranda and documents that constitute the written record in this case, as supplemented by the briefs that have been filed on behalf of both Marchesani and the United States, and being otherwise duly advised, the Court concludes that defendant Marchesani cannot prevail in this regard and his motion to dismiss this prosecution is to be denied.

I

Counsel for the defendant attacks the manner in which the Government has identified the accused in the indictment at issue here; in his motion to dismiss and the brief in support thereof he argues that the issuance of an indictment that is directed against an individual described only by the fictitious name "John Doe", an alleged alias, and a summary of certain physical characteristics, is precluded by the fourth and fifth amendments to the United States Constitution as well as by the equal protection clause of the fourteenth amendment to the United States Constitution.

The Court recognizes that the concept of equal protection of the laws, as embodied in the fourteenth amendment, is applicable to the activities of the federal government through the provisions of the fifth amendment. See: *Bolling v. Sharpe*, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954). Notwithstanding this fact, however, the Court can find no protections guaranteed this accused under the terms of the Federal Constitution that have been breached in the context of this case.

The most substantial authority cited by the defendant in support of the claims presented here is the recent decision by Judge Bailey Aldrich in *Connor v. Picard*, as reported at 434 F.2d 673 (1st Cir., 1970). In this decision it was held that a Massachusetts statutory scheme was unconstitutional where it permitted an indictment to be returned against a person identified only as "John Doe, the true name and a more particular description of the said John Doe being to the said jurors unknown", and then later altered by the court when the true identity of the accused was ascertained. Judge Aldrich found that by naming the accused in so ambiguous a fashion, the grand jury had in fact "delegated" the duty of determining which person was to be prosecuted for a partic-

ular crime to the law enforcement officers charged with the task of making the arrest; because of the otherwise universal commitment to grand jury indictment in felony prosecutions in the Commonwealth of Massachusetts, the Court was of the opinion that such delegation was an unconstitutional and impermissible discrimination.

While this Court stands in full accord with the result reached in *Connor v. Picard, supra,* the law recited in that opinion would appear to be insufficient to require a dismissal of the indictment at issue here.

Initially, the Court would note that the case at bar appears to be factually distinguishable from *Connor v. Picard.* Because this indictment describes the accused in a more particularized fashion, no "delegation" seems to be present; Judge Aldrich himself inferred that the procedures then at issue before him might be permissible in some cases where the grand jury had supplied a description of the accused that was more detailed than the mere recitation of the fictitious name "John Doe". *Connor v. Picard, supra,* 434 F.2d at p. 675.

In addition, counsel for the defendant fails to notice that *Connor v. Picard* was reversed by the United States Supreme Court because the plaintiff had failed to exhaust available state judicial remedies within the meaning of 28 U.S.C. § 2254. *Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). When Connor later appealed to the Supreme Judicial Court of Massachusetts, it was held that an indictment under a fictitious name was constitutionally permissible so long as the grand jury included a sufficient description of the accused within the indictment itself. *Connor v. Commonwealth,* Mass., 296 N.E.2d 172, 175 (1973).

In view of these subsequent events, the Court must conclude that the opinion upon which the defendant relies has diminished somewhat in precedential value. Other courts have since indicated that an indictment which refers to the accused by a fictitious name is not constitutionally impermissible so long as the individual is otherwise adequately identified, in accordance with *Connor v. Commonwealth, supra. See: People v. Doe,* 75 Misc.2d 736, 347 N.Y.S.2d 1000 (1973).

The principles described in the foregoing opinions would seem to comport with the traditional views of the federal courts—*U. S. v. Doe,* 127 F. 982 (N.D. Cal., 1904); *Duffy v. Keville,* 16 F.2d 828 (D.Mass., 1926)—and would appear to follow what many authorities believe to be acceptable standards of criminal jurisprudence. *See:* 42 C.J.S. Indictments and Informations § 127(f) (1944).

■ The Court finds that the description present in the indictment at issue here is sufficient to identify this defendant and in no way constitutes a delegation of the duty of the grand jurors. Said indictment includes the alias "Leo"—the defense submits that Marchesani is known to others as "Leonard" —and it enumerates various other particulars concerning the race, sex, age, height, weight, hair color, eye color and peculiar facial characteristics of the accused; the Court is of the opinion that more need not be required.

■ The determination that this method of indictment is legitimate would seem to dispel the contentions raised by the defendant on the basis of the equal protection clause of the fourteenth amendment; it is well settled that aberrational implementation of proper criminal procedures does not give rise to an equal protection claim absent a showing of intentional or purposeful discrimination. *See: U. S. ex rel. Curtis v. Warden of Green Haven Prison,* 463 F.2d 84 (2nd Cir., 1972), citing *Snowden v. Hughes et al.,* 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497 (1944). The defendant does not urge, nor would the facts of this case sustain a finding of such illicit Government conduct here.

## II

Recent decisions of the United States Supreme Court have focused upon two particular protections which an indictment is intended to guarantee. *See, e. g., Russell v. U. S.*, 369 U.S. 749, 763, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1972), and *Hamling v. U. S.*, 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974).

In accordance therewith this Court must determine, first, whether the indictment in this case contains the essential elements of the offense intended to be charged and apprises the defendant of what he must be prepared to meet, and secondly whether the language of the indictment is sufficient to protect the defendant from the threat of double jeopardy. *U. S. v. De Stefano*, 476 F.2d 324 (7th Cir., 1973).

■ The Court can find no deficiencies in this regard: the indictment gives proper notice that two designated individuals are charged with distribution of a particular quantity of phencyclidine HCl, a Schedule III controlled substance, at a specific place on a specific date in violation of two certain sections of the United States Code. The fact that the party to whom distribution had been made is not named is insufficient to warrant dismissal of the prosecution. *See, e. g., U. S. v. Ferra*, 427 F.2d 1348 (5th Cir., 1970), citing *Collins v. Markley*, 346 F.2d 230 (7th Cir., 1965), *cert. denied*, 382 U.S. 946, 86 S.Ct. 408, 15 L. Ed.2d 355 (1965).

■ The Court also finds no threat of double jeopardy. The language of the indictment is adequate to permit this defendant to raise it as a defense to further prosecutions based upon the same transaction; this situation is far from that where one individual is prosecuted pursuant to an indictment specifically naming another. *Cf: U. S. v. Leader Cheese Co.*, 353 F.Supp. 875 (E. D.Wis., 1973). In view of these circumstances, the indictment must be held to be valid.

## III

For the reasons set out in the foregoing memorandum opinion, the Court concludes that the indictment at issue here violates no provision of the United States Constitution and is not otherwise invalid; the motion to dismiss the indictment and the prosecution that is based thereon must be and is hereby denied.

The defendant will appear before this Court for his arraignment and plea at 1:30 P.M. on Monday, June 30, 1975.